IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARRELL LAMONT BELL,**

      **CASE NO. 2:21-CV-796**
  **Petitioner,**    **JUDGE JAMES L. GRAHAM**
      **Magistrate Judge Elizabeth P. Deavers**

  v.

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

  **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4").  Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."  If it does so appear, the petition must be dismissed.  *Id*.  Applying this standard, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### I. BACKGROUND

Petitioner challenges his June 2000 convictions after a jury trial in the Franklin County Court of Common Pleas on murder, attempted murder, and having a weapon while under disability.  The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case:

1

{¶ 2} In 1999, appellant was convicted of the stipulated lesser-included offense of murder of Nyomi Conley; the stipulated lesser-included offense of attempted murder of Mark Newton; and one count of having a weapon under a disability. Although the indictment contained a death penalty specification and three firearm specifications, appellant was not convicted of the same. Appellant was sentenced to serve an aggregate sentence of 26 years to life. Appellant filed a direct appeal, and this court affirmed. *State v. Bell*, 10th Dist. No. 00AP-739 (Mar. 30, 2001). Appellant filed a petition for postconviction relief in 2001. The trial court denied the same. Appellant appealed, but the appeal was dismissed for failure to prosecute as appellant did not file a brief. Appellant filed an application to reopen his appeal in 2003. This court denied the same.

{¶ 3} On April 4, 2019, appellant filed a "motion to vacate and set aside the judgment and sentence pursuant to civil rule 60(B)(5) fraud upon the court." State of Ohio, plaintiff-appellee, filed a memorandum contra, and appellant filed a memorandum in opposition to the state's memorandum contra on May 6, 2019.

{¶ 4} The trial court construed the motion as a petition for postconviction relief. On August 20, 2019, the court denied the motion because it was untimely and barred by res judicata. The court further noted, citing R.C. 2953.23(A)(1)(b), that nothing in the record indicated appellant was unavoidably prevented from discovering information which was the basis of this motion and there was nothing within appellant's motion that supported by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the petitioner guilty of the offense for which he was convicted.

\*\*\*

{¶ 5} Appellant appeals and assigns the following five assignments of error for our review:

[I.] Does a trial court abuse its discretion where it is charged with the question of whether there was probable cause for putting the accused on trial, and whether the indictment was fair on its face to the court to which it was returned?

[II.] Does a trial court abuse its discretion where it is charged with the question of whether there was probable cause for putting the accused on trial, where the defendant is facing the death penalty?

[III.] The trial court commits plain error and abuses its discretion when convicting a defendant of attempted felony murder when felony murder, alternatively, involves an inadvertent homicide resulting from the commission of a felony of violence. By definition, therefore, a felony murder charge requires both a felony of violence and an unintended death.

> [IV.] The Ohio Supreme Court has established in criminal cases that under the doctrine of cumulative error, "a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial.
>
> [V.] Where successive prosecutions are at stake, the double jeopardy guarantee serves "a constitutional policy of finality for the defendant's benefit.

(Sic passim.)

*State v. Bell*, 10th Dist. No. 19AP-627, 2020 WL 1814835, at *1 (Ohio Ct. App. Apr. 9, 2020). On April 9, 2020, the appellate court affirmed the trial court's judgment. *Id*. On October 27, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Bell*, 160 Ohio St.3d 1441 (Ohio 2020).

On February 24, 2021, Petitioner filed this *pro se* habeas corpus petition. He asserts that there was insufficient evidence and no probable cause to support death penalty charges (claims one and two); that his convictions should be reversed on the basis of cumulative error (claim three); that the state appellate court violated Ohio's appellate rules and Ohio law (claims four and five ); that insufficient evidence supports his conviction on attempted murder (claim six); that his convictions violate the Double Jeopardy Clause (claim seven); and that the Ohio Constitution grants the Ohio Supreme Court supervisory power to review the appellate court's decision (claim eight).

However, this is not Petitioner's first federal habeas corpus petition. On December 23, 2002, Petitioner filed his first federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging these same convictions. On February 27, 2004, Judgment was entered dismissing that action. *Bell v. Brigano*, Case No. 2:12-cv-1275400 (S.D. Ohio Oct. 20, 2016). Thus, this action involves a successive, or second, habeas corpus petition.

## II. SUCCESSIVE PETITIONS

28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam ). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id.*

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

4

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

### III. DISPOSITION

Accordingly, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further

advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                       _s/ *Elizabeth A. Preston Deavers*_
                                                       Elizabeth A. Preston Deavers
                                                       United States Magistrate Judge