IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARRELL LAMONT BELL,**

    Petitioner,

    v.

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

    Respondent.

CASE NO. 2:21-CV-796
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On March 10, 2021, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as successive. (ECF No. 5.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 6.) Petitioner argues that the ends of justice should permit this Court's consideration of this successive action, as he did not deliberately withhold his claims earlier from review or engage in abuse of the writ. The state courts found, however, that nothing prevented Petitioner previously from discovering the basis for his claims now raised and *res judicata* barred review of those claims presented in an untimely state post-conviction petition. *State v. Bell*, 10th Dist. No. 19AP-627, 2020 WL 1814835, at *1 (Ohio Ct. App. April 9, 2020).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the discussed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 6) is **OVERRULED**. The Report and Recommendation (ECF No. 5) is **ADOPTED** and

**AFFIRMED**. This action hereby is **TRANSFERRED** to the Sixth Circuit as a successive habeas corpus petition.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the transfer of this action to the Sixth Circuit as a second or successive petition. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED.**

Date: March 31, 2021                                  s/James L. Graham
                                                                JAMES L. GRAHAM
                                                                UNITED STATES DISTRICT JUDGE